# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RM ACQUISITION, LLC d/b/a RAND MCNALLY, | )<br>)<br>) Case No. 1:17-cv-03019 |
| Plaintiff, | )<br>)<br>) Judge Harry D. Leinenweber |
| v. | )<br>) Magistrate Judge M. David Weisman |
| ONE20, INC. and CHRISTIAN SCHENK, individually and as an agent for One20, Inc., | )<br>)<br>) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT

Plaintiff RM Acquisition, LLC d/b/a Rand McNally ("Rand McNally"), for its Second Amended Complaint against Defendants One20, Inc. ("One20") and Christian Schenk ("Schenk"), individually and as an agent for One20 (collectively, the "One20 Defendants"), states as follows:

## NATURE OF THE ACTION

1. This action arises out of the One20 Defendants' wrongful attempts to ruin the professional reputation of what the One20 Defendants view as their greatest competitor—Rand McNally—in the commercial trucking industry and, in particular, among Rand McNally's fleet and individual customers. Beginning on or about January 26, 2017 (if not earlier), the One20 Defendants began posting an onslaught of false and defamatory statements about Rand McNally on the One20 website and on popular social media websites like Facebook, Twitter, and LinkedIn. Through this lawsuit, Rand McNally seeks to enjoin the One20 Defendants from posting false and defamatory statements about it and to recover damages caused as a result of the One20 Defendants' misconduct.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this lawsuit pursuant to Section 1332(a) of Title 28 of the United States Code because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

3. This Court has personal jurisdiction over the One20 Defendants because they aimed their tortious conduct at Rand McNally and its business in Illinois with knowledge that Rand McNally transacts its business in Illinois and that the effects of its conduct would be felt in Illinois.

4. Venue is proper in the Northern District of Illinois pursuant to Section 1391(b)(2) of Title 28 of the United States Code because a substantial part of the events giving ride to Rand McNally's claims occurred in the Northern District of Illinois.

## THE PARTIES

5. Plaintiff RM Acquisition, LLC d/b/a Rand McNally ("Rand McNally") is a Delaware limited liability company with its corporate headquarters in Skokie, Illinois. As part of its business, Rand McNally sells products and services for the trucking and commercial transportation industry. These products include computerized fleet management and compliance systems that are installed in commercial trucks to provide GPS navigation, mobile communication, electronic logging of hours of service, and other functions for transportation companies to manage their fleets and comply with state and federal regulations.

6. Defendant One20, Inc. ("One20") is a Minnesota corporation with its principal place of business in Chanhassen, Minnesota. One20 is a technology startup that launched a free membership program for commercial drivers via an application for Android and Apple devices (the "One20 App") in or about August 2016. One20 subsequently began selling a Samsung tablet that One20 markets as "a tablet for truckers." While the One20 tablet provides turn-by-turn

navigation and is pre-loaded with the One20 App, it does not provide the same functionality as Rand McNally's devices, including electronic logging of hours of service.

7. Defendant Christian Schenk ("Schenk") is a resident of Minnesota. Schenk is the founder of One20 and, at all relevant times, has served as One20's President and Chief Executive Officer.

8. One20 and Schenk are sometimes collectively referred to in this Complaint as the "One20 Defendants."

## FACTS COMMON TO ALL COUNTS

**A. The One20 Defendants Begin an Online Advertising Campaign Aimed at Destroying Rand McNally's Professional Reputation in the Commercial Trucking Industry**

9. Beginning on or about January 26, 2017 (if not earlier), One20 began publishing and advertising what it refers to as its "Trade-Up Program." (*See* https://one20.com/tradeup, last accessed on Feb. 6, 2017.) Since January 26, 2017, One20 has published multiple versions of that webpage, including the following, all of which denigrate Rand McNally and its business:









10. At a minimum, those publications, either directly or by implication, make one or more of the following defamatory statements about Rand McNally: (a) Rand McNally is going bankrupt; (b) Rand McNally does not provide its customers with warranties for its products and/or any warranties Rand McNally has provided for its products are or will be worthless; and (c) Rand McNally does not adequately service its customers because it is "focusing more on pending lawsuits." Those statements are false.

**B.     The One20 Defendants Create Fake Social Media Accounts To Distribute Further their False and Defamatory Charges Against Rand McNally**

11. Beginning on or about January 13, 2017, four Twitter "handles" (@TruckersFirst, @truckers_rights, @robslands, and @richjohnson29) began publishing and republishing false, defamatory, and offensive "tweets" about Rand McNally. Those tweets include, among others, the following:



12. These tweets, either directly or by implication, falsely state that Rand McNally's customers must find a replacement provider because Rand McNally is being forced into bankruptcy, will be closing its business, and will no longer be able to provide warranty service on its products.

13. On information and belief, those defamatory statements were published not by concerned truck drivers, but by Schenk, ONE20, and/or others acting on behalf of the One20 Defendants. Tellingly, each of those accounts, which interact with one another by commenting, liking, and "re-tweeting" each other's tweets, was created on January 13, 2017. Tweets from those accounts were also "re-tweeted" by @ohtruckthat—a Twitter handle owned and operated by One20:



14.     Most concerning, however, is the fact that two of the Twitter accounts at issue, @robslands and @richjohnson29, are fake accounts that have stolen the identities of individuals who have no connection to the commercial trucking industry.

15.     In particular, the account for @robslands purports to be that of a truck driver named "Rob Sands" who lives in Arkansas City, Kansas:



However, the individual whose photo is being used for that Twitter account is actually a man who works in digital strategy for IBM in Pennsylvania. That man neither created the Twitter account @robslands nor posted any of the tweets about Rand McNally.

6

16. Similarly, the account for @richjohnson29 claims to be that of an ex-trucker named "Rich Johnson" who is "deeply involved in making truckers['] lives better":



The man in the profile photo is not ex-trucker Rich Johnson. To the contrary, the man practices law in San Jose, California and has no association with the trucking industry.

17. Given the similarity between the tweets by these fake Twitter accounts and One20's online marketing strategy described above and the fact that One20 has publicized these tweets further through its own Twitter account, the only reasonable conclusion to draw is that One20 created these accounts and is publishing these false and defamatory statements or caused the creation of these accounts and the publication of these false and defamatory statements.

### COUNT I
**(Defamation/Negligence)**

18. Rand McNally re-alleges Paragraphs 1 through 17 as if restated fully herein.

19. The statements for which the One20 Defendants are responsible, as described above, constitute defamation *per se* in that they are false and disparage Rand McNally in its trade or business (collectively, the "Defamatory Statements").

20. The One20 Defendants were not privileged to publish the Defamatory Statements without regard to Rand McNally's rights.

7

21. At all relevant times, the One20 Defendants owed Rand McNally the duty to refrain from negligently publishing the Defamatory Statements.

22. The One20 Defendants breached their duty to Rand McNally in that they were negligent in publishing the Defamatory Statements.

23. The One20 Defendants' actions were taken in a willful and wanton manner in that the One20 Defendants published the Defamatory Statements knowing they were false or, at a minimum, with reckless disregard for whether they were true or false.

24. The damage to Rand McNally's reputation from the Defamatory Statements is presumed.

**WHEREFORE**, Plaintiff RM Acquisition, LLC d/b/a Rand McNally respectfully requests that the Court enter judgment in its favor and against Defendants One20, Inc. and Christian Schenk, enjoin Defendants One20, Inc. and Christian Schenk from publishing false and defamatory statements about Rand McNally, award Rand McNally compensatory and punitive damages in amounts to be determined at trial, award Rand McNally the costs and expenses incurred in bringing this suit, and grant Rand McNally such other and further relief as the Court deems equitable and proper.

### COUNT II
**(In the Alternative, Defamation/Recklessness)**

25. Rand McNally re-alleges Paragraphs 1 through 17 as if restated fully herein.

26. This Count II is alleged in the alternative to Count I.

27. The statements for which the One20 Defendants are responsible, as described above, constitute defamation *per se* in that they are false and disparage Rand McNally in its trade or business (collectively, the "Defamatory Statements").

28. The One20 Defendants were not privileged to publish the Defamatory Statements without regard to Rand McNally's rights.

29. At all relevant times, the One20 Defendants owed Rand McNally the duty to refrain from publishing the Defamatory Statements with reckless disregard for their truthfulness.

30. The One20 Defendants breached their duty to Rand McNally when they published the Defamatory Statements knowing they were false or, at a minimum, with reckless disregard for whether they were true or false.

31. The One20 Defendants' actions were taken in a willful and wanton manner in that the One20 Defendants published the Defamatory Statements knowing they were false or, at a minimum, with reckless disregard for whether they were true or false.

32. The damage to Rand McNally's reputation from the Defamatory Statements is presumed.

**WHEREFORE**, Plaintiff RM Acquisition, LLC d/b/a Rand McNally respectfully requests that the Court enter judgment in its favor and against Defendants One20, Inc. and Christian Schenk, enjoin Defendants One20, Inc. and Christian Schenk from publishing false and defamatory statements about Rand McNally, award Rand McNally compensatory and punitive damages in amounts to be determined at trial, award Rand McNally the costs and expenses incurred in bringing this suit, and grant Rand McNally such other and further relief as the Court deems equitable and proper.

Dated: October 17, 2017						Respectfully submitted,

						**RM ACQUISITION, LLC**
						**d/b/a RAND MCNALLY,**

						By: /s/ Shannon T. Knight
								One of its Attorneys

Peter M. Spingola (6243942)
Shannon T. Knight (6307040)
**CHAPMAN SPINGOLA, LLP**
190 South LaSalle Street, Suite 3850
Chicago, Illinois 60603
(312) 630-9202
(312) 630-9233
pspingola@chapmanspingola.com
sknight@chapmanspingola.com

*Counsel for Plaintiff RM Acquisition, LLC*
*d/b/a Rand McNally*